UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

FLORENCE WILLIAMS,

                      Plaintiff,

v.

KALEIDA HEALTH,

                      Defendant.

**DECISION AND ORDER**

08-CV-00426(M)

---

In accordance with 28 U.S.C. §636(c), the parties have consented to jurisdiction by a United States Magistrate Judge (Dkt. #7). Before me is the motion by defendant Kaleida Health ("Kaleida") to dismiss plaintiff's complaint (Dkt. #4). For the following reasons, Kaleida's motion is DENIED.

## BACKGROUND

Plaintiff's *pro se* complaint alleges that Kaleida terminated her employment on April 26, 2007, based upon her race, sex and age, in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e, *et seq.*) and the Age Discrimination in Employment Act of 1967 (29 U.S.C. §§621-634). Complaint (Dkt. #1). The complaint was filed with the clerk of this court on June 9, 2008 (Dkt. #1), and was accompanied by a motion for leave to proceed *in forma pauperis* (Dkt. #2), which was granted on June 19, 2008 (Dkt. #3).

## DISCUSSION AND ANALYSIS

In moving to dismiss the complaint pursuant to Fed. R. Civ. P. ("Rule") 12(b)(6), Kaleida argues that plaintiff failed to commence this action within 90 days of her receipt of the Dismissal and Notice of Rights ("right-to-sue letter") from the Equal Employment Opportunity Commission. Affidavit of Sarah E. Tollner, Esq. (Dkt. #4-2), ¶2; *see* 42 U.S.C. §2000e-5(f)(1) and 29 U.S.C. §626(e). Kaleida alleges that plaintiff received the right-to-sue letter on or about March 11, 2008, but that her federal lawsuit was not filed until June 20, 2008. Id. at ¶¶9-10. According to Kaleida, to be timely, plaintiff's complaint should have been filed by June 9, 2008. Id. at ¶11.

However, plaintiff's complaint *was* filed with the court on June 9, 2008 (Dkt. #1), accompanied by a motion for leave to proceed *in forma pauperis* (Dkt. #2). Although not specifically argued by Kaleida, I assume that it is relying on the date plaintiff's *in forma pauperis* motion was granted (June 19, 2008) as the filing date of plaintiff's complaint. Even if Kaleida had raised this argument, it would fail. "At least where *in forma pauperis* relief is granted, the action should be treated as timely, provided the complaint was received by the clerk's office prior to the expiration of the limitations period ." Toliver v. Sullivan County, 841 F.2d 41, 42 (2d Cir. 1988) (per curiam). Thus, plaintiff's complaint is deemed to have been constructively filed on June 9, 2009. *See* Philippeaux v. County of Nassau, 921 F. Supp. 1000, 1007 (E.D.N.Y. 1996).

## CONCLUSION

Since plaintiff's complaint was timely filed, Kaleida's motion to dismiss (Dkt. #4) is DENIED.

**SO ORDERED.**

_____
JEREMIAH J. MCCARTHY
United States Magistrate Judge

Dated: February 23, 2009